# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### at GREENEVILLE

| | | |
|---|---|---|
| IN RE CHARLES DENNIS KITTS, | ) | NO. 2:11-CV- 142 |
| | ) | |
| Plaintiff. | ) | |

## **MEMORANDUM AND ORDER**

The Court is in receipt of a letter and an incomplete civil rights complaint form, 42 U.S.C. § 1983, filed by a *pro se* prisoner in the Hamblen County Detention Center (hereinafter "HCDC") in Morristown, Tennessee. The Court understands, from piecing together the facts set forth in the letter and the fragmented pleading, that plaintiff is complaining about being denied medical care at the HCDC for an unspecified liver condition. However, plaintiff has submitted only the second and last pages of the five-page form. The information to be supplied on the missing pages (i.e., the names and positions of the defendants, etc.) is essential if the case is to proceed.

Also, plaintiff has applied to proceed without prepayment of the filing fee, but he has not attached a certified copy of his inmate trust account statement, showing all

receipts, expenditures, and balances during the last six months. This information likewise is essential and, in addition, is statutorily mandated. *See* 28 U.S.C. § 1915(a)(2).

Accordingly, the Clerk is **DIRECTED** to make photocopies of pages two and five of the complaint for the court file and to send to plaintiff the originals and a new form complaint. Plaintiff must complete the pages which are missing (i.e., one, three and four) from his original submission. Unless, within thirty days from the date on this order, plaintiff corrects the above noted deficiencies and returns to the Court a *fully* completed, five-page complaint, consisting of the two original pages and the three newly completed ones, *and* a copy of his inmate trust fund statement, this action automatically will be dismissed without further notice.

**ENTER** :

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
