UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

CHARLES KITTS[1]           )
                           )
v.                         )    NO. 2:11-cv-142
                           )    *Greer/Inman*
HAMBLEN CO. SHERIFF'S DEP'T, )
HAMBLEN CO. JAIL, SHERIFF ESCO )
JARNIGAN, NURSE LINDA L/N/U,   )
NURSE TAMMY COFFIE, and DR.    )
MATHEWS                        )

## MEMORANDUM AND ORDER

Charles Kitts, a *pro se* prisoner and plaintiff here, brings this civil rights complaint for injunctive relief under 42 U.S.C. § 1983, alleging that he was denied treatment for an unspecified but terminal liver disease while he was confined in the Hamblen County Detention Center (hereinafter "HCDC") in Morristown, Tennessee, [Doc. 3]. Defendants are the Hamblen County Sheriff's Department, the Hamblen County jail, Hamblen County Sheriff Esco Jarnigan, Nurse Linda, Nurse Tammy Coffie, and Dr. Mathews.

---

[1] Two other inmates, Michael T. Prather and Willis Kent Gosa, have been captioned as plaintiffs, but they have neither signed the complaint nor submitted applications for leave to proceed without prepayment of the filing fee. Thus, they are not considered to be plaintiffs.

Plaintiff is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2). All payments should be sent to: <u>Clerk's Office, USDC; 220 West Depot Street, Ste. 200; Greeneville, TN 37743</u>.

To ensure compliance with the assessment procedures outlined above, the Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the facility wherein plaintiff is confined.

Plaintiff claims, in his complaint, that in December of 2010, he was determined to have a serious terminal illness, based on diagnostic imaging performed at the Jefferson Memorial Hospital. On January 7, 2011, plaintiff was booked into the HCDC, where he was told, by defendant Nurse Linda, that he should not have come

to jail thinking that the jail would pay for his medical treatment. In a letter appended to the complaint, plaintiff further alleges that the booking officer and medical staff was informed that he had been diagnosed with a terminal liver condition and, that upon his request for medical care, he saw Dr. Mathews, the jail physician, who told him that he had looked at plaintiff's medical records, that plaintiff was a dying man, and that there was nothing the HCDC medical staff could do for him, except to keep a watchful eye on him.

Since then, plaintiff has filed grievances with defendant Sheriff, Captain Teresa Laws, and the medical staff requesting a second opinion and some sort of medical attention for his discomfort (abdominal pain), but has received no response to those grievances. Plaintiff would have the Court ensure that he gets the proper medical attention required for his condition, which is not being treated, as well as a second medical opinion concerning his illness.

Ordinarily, the Court would screen the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In this case, however, screening is unnecessary because plaintiff's claims for injunctive relief are no longer at issue, given his transfer to the Greene County Detention Center, [Doc. 4, Notice of Address Change]. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998). Clearly, plaintiff would derive no benefit from the granting of injunctive relief from the allegedly wrongful treatment at the HCDC because he is not confined there presently. Thus, his claims for injunctive relief from those conditions have become moot. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1978) (finding a case to be moot when the issues presented are no longer "live"); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (prisoner's transfer to another prison rendered moot his claims for injunctive and declaratory remedies) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996)). Therefore, because these are the only claims asserted for relief and because they are moot, this case will be **DISMISSED**.

A judgment order will enter.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

4

Case 2:11-cv-00142-JRG-DHI   Document 5   Filed 01/20/12   Page 4 of 4   PageID #: 22